UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WILSON,

    Plaintiff,

v.

SHERIFF MICHAEL BOUCHARD,

    Defendant.
_____/

Case No. 2:21-cv-12066
District Judge Sean F. Cox
Magistrate Judge Kimberly G. Altman

# REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 15)[1]

## I.    Introduction

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff Michael Wilson (Wilson), proceeding *pro se*, is suing Oakland County Sheriff Michael Bouchard (Sheriff Bouchard) alleging that he was denied out-of-cell recreation time while detained at the Oakland County Jail (jail). *See* ECF No. 1. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 6).

Before the Court is Sheriff Bouchard's motion for summary judgment, (ECF

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

No. 15), to which Wilson has not responded.[2]  For the reasons that follow, the undersigned RECOMMENDS that the motion be GRANTED and the case be DISMISSED WITH PREJUDICE.

## II.   Background

The following facts are gleaned from the verified complaint and the exhibits attached to Sheriff Bouchard's motion for summary judgment.

In his verified complaint, Wilson says that during his time at the jail he "ha[d] continuously been denied his 'one-hour' out-of-cell recreation time without provocation." (ECF No. 1, PageID.2).  Wilson requested his "daily" recreation time but was "denied continuously." (*Id.*, PageID.2-3).  Wilson alleges that the denial of his out-of-cell recreation time violated his right to due process guaranteed by the Fourteenth Amendment to the United States Constitution. (*Id.*, PageID.3).

Sheriff Bouchard disputes Wilson's claim that he was entitled to an hour of daily out-of-cell recreation time.  Sheriff Bouchard relies on a policy and procedure document issued by the Oakland County Sheriff's Office titled

---

[2] On August 2, 2022, the undersigned entered an order directing Wilson to filed a response to Sheriff Bouchard's motion "**on or before Friday, September 2, 2022.**" (ECF No. 16, PageID.94) (emphasis in original).  The order also directed Wilson to file a change of address as it appeared he was no longer housed at the jail. (*Id.*, PageID.95).  To date, Wilson has not filed a response nor a change of address and the date for doing so has passed.  The order also warned Wilson "that a failure to respond will result in the Court considering the motion without a response and could result in a recommendation to grant [Sheriff] Bouchard's motion." (*Id.*, PageID.94-95).

"**INMATE RECREATION – MAIN JAIL / ANNEX**" and dated August 17, 2015. (ECF No. 15-2) (emphasis in original). The document states, in relevant part, that

> Deputies assigned to the recreation detail shall develop and follow a rotating schedule which allows all inmates the opportunity for physical activity. This schedule shall offer recreation to all inmates in each housing area for at least one (1) hour, once per week; provided that security, housing and staffing constraints permit.

(*Id.*, PageID.51). Sheriff Bouchard also relies on the "Oakland County Jail Operational Preparedness and COVID-19 Guidelines," which were in effect during Wilson's period of detention from November 16, 2020, through approximately May 10, 2022. (ECF No. 15-3; ECF No. 15-7, PageID.85). The guidelines' relevant section states:

> To mitigate and eliminate spread of COVID-19, all groups, programs, recreation, education, jail tours, etc. were **temporarily** suspended. Prior to suspension of programs, recreation, education and groups were reduced to groups of 10 or less allowing for social distancing protocols of 6 feet or more. Inmate movement is restricted to the extent possible and is constantly evaluated. Suspension of any programs mentioned may be lifted at any time for management of the facility but will continued to be monitored in the event suspension needs to be reinstated.

(*Id.*, PageID.64) (emphasis in original).

### III. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotation marks omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Wilson is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under [*Swierkiewicz v. Sorema, N.A.*, 534 U.S.

4

506, 512-513 (2002)] and [the Federal Rules] are inapplicable.' " *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).

As noted above, Wilson has not filed a response to Sheriff Bouchard's motion for summary judgment. Nonetheless, "[e]ven when faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (2013); *see also Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 380-381 (6th Cir. 2011) ("[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." (quoting *Carver v. Bunch*, 946 F.2d 451, 454-455 (6th Cir. 1991))). That said, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). "The court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted

and that there is no genuine issue of material fact." *Jones v. Kimberly-Clark Corp.*, 238 F.3d 421 (6th Cir. 2000). The undersigned will therefore consider the merits of Sheriff Bouchard's motion.

## IV. Analysis

### A. Personal Involvement

Sheriff Bouchard argues that he cannot be liable under § 1983 because he was not personally involved in any decision regarding Wilson's recreation time. In his affidavit, Sheriff Bouchard states that he "do[es] not know if Mr. Wilson was improperly denied recreation time at any time during his incarceration at the Oakland County Jail, and ha[s] no knowledge of the surrounding circumstances if he was denied recreation time." (ECF No. 15-7, PageID.85). He further states that, "[a]ssuming Mr. Wilson was denied recreation time when recreation time could safely be provided, [he] had no knowledge of it, and neither did [he] direct or encourage any officers to deprive [Wilson] of such recreation time." (*Id.*, PageID.86).

#### 1. Standard

It is well-established that liability under § 1983 must be based on more than merely the right to control employees. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325-326 (1981); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694-695 (1978). To make out a claim under § 1983, Wilson needed to allege that Sherriff

6

Bouchard "through his . . . own individual actions, *personally violated* [Wilson's] rights under clearly established law." *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015) (emphasis in original). "It is well-settled that '[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of *respondeat superior*.' " *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). The Sixth Circuit "ha[s] long held that supervisory liability requires some 'active unconstitutional behavior' on the part of the supervisor." *Peatross*, 818 F.3d at 241 (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).

The requirement of active unconstitutional behavior is met when a person " 'directly participated' in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out himself." *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013). At the very least, a supervising official must have "had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable." *Nouri v. Cnty. of Oakland*, No. 2:10–cv–13700, 2013 WL 474522, at *6 (E.D. Mich. Feb. 4, 2013).

2. Application

Here, Wilson has not alleged any facts showing that Sheriff Bouchard was personally involved in the activity which forms the basis of the complaint. And

having failed to file a response, the record contains no evidence to support a finding that Sheriff Bouchard was personally involved. Rather, it appears that Wilson has chosen to sue him simply because he is the sheriff of Oakland County. This is insufficient to establish liability under § 1983. *See Perez v. Oakland Cnty.*, 380 F. Supp. 2d 830, 848 (E.D. Mich. 2005), *aff'd*, 466 F.3d 416 (6th Cir. 2006) ("[S]upervisory allegations alone cannot sustain a § 1983 claim, absent allegations and evidence that Sheriff Bouchard himself engaged in 'active unconstitutional behavior' by directly participating, encouraging, authorizing, or acquiescing in the allegedly offending conduct of a sheriff's deputy."); *Nouri*, *supra*, 2013 WL 474522, at *7 (dismissing Sheriff Bouchard for lack of personal involvement in case where the "[p]laintiffs allege[d] that [Sheriff] Bouchard failed to train and supervise prison staff, but ma[d]e no allegation that [Sheriff] Bouchard implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, or was even aware of, the offensive conduct."). Thus, Sheriff Bouchard is entitled to summary judgment on the grounds that Wilson has failed to adequately allege his personal involvement.

      B.    Qualified Immunity

Sheriff Bouchard also argues that summary judgment is appropriate on the

ground of qualified immunity.[3]

1. Standard

Qualified immunity shields government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Created to protect government officials from interference with their official duties, qualified immunity "is an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). It gives officials "breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law." *Stanton v. Sims*, 571 U.S. 3, 6 (2013) (punctuation modified). After a defending official initially raises qualified immunity, the plaintiff bears the burden of showing that the official is not entitled to qualified immunity. *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013).

The Sixth Circuit has generally "use[d] a two-step analysis: (1) viewing the

---

[3] Sheriff Bouchard also says that he is entitled to absolute immunity. M.C.L. § 691.1407(5) "creates absolute immunity from state tort claims for the highest elected official in local government." *Rose v. Saginaw Cnty.*, 353 F. Supp. 2d 900, 924 (E.D. Mich. 2005). However, Wilson has only asserted a federal claim under § 1983. He has not asserted a state tort claim. Thus, M.C.L. § 691.1407(5) does not apply and it is therefore not necessary to consider whether Sheriff Bouchard is entitled to absolute immunity.

facts in the light most favorable to the plaintiff, [it] determine[s] whether the allegations give rise to a constitutional violation; and (2) [it] assess[es] whether the right was clearly established at the time of the incident." *Id*. at 472. The steps may be considered in either order, so "[i]f the court concludes that no constitutional violation has occurred, there is no need to address whether the alleged right was clearly established." *Kinlin v. Kline*, 749 F.3d 573, 577 (6th Cir. 2014).

### 2. Application

"Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Id*.

As a pretrial detainee, Wilson's claim arises under the Due Process Clause of the Fourteenth Amendment. *See, e.g.*, *Allen v. Holt*, No. 3:18-cv-0033, 2019 WL 2718056, at *2 (M.D. Tenn. June 28, 2019), *report and recommendation adopted*, 2019 WL 4167278 (W.D. Tenn. Sept. 3, 2019) ("As pretrial detainees, Plaintiffs' constitutional rights at issue arise from the Due Process Clause of the Fourteenth Amendment."). The Sixth Circuit has acknowledged that "there is room for debate over whether the Due Process Clause grants pretrial detainees more protections than the Eighth Amendment does," yet it has "historically

analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.' " *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (quoting *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)).

However, "even under the Eighth Amendment, the Sixth Circuit has provided little guidance regarding the extent to which inmates have a constitutional right to outdoor exercise or exercise at all." *Allen*, 2019 WL 4167278, *2-3 (collecting cases).[4] That said, Sixth Circuit precedent suggests "that daily exercise is not constitutionally mandated." *Id.* at *3.

Here, the scant facts contained in the complaint make it difficult to determine the precise amount of recreation time that Wilson was permitted. He was housed at Oakland County Jail from November 16, 2020 until May 9, 2022; much of that was during the height of the COVID-19 pandemic. He does not specify dates he was denied recreation time and admits he received some recreation time, stating that he "ha[d] continuously been denied his 'one-hour' out-of-cell recreation time without provocation." (ECF No. 1, PageID.2). However, as stated above, daily recreation time is not constitutionally mandated. And despite

---

[4] Courts have generally recognized that "there is a significant difference between a lack of outdoor recreation and an inability to exercise." *Smith v. Dart*, 803 F.3d 304, 313 (7th Cir. 2015). The undersigned treats Wilson's claim as one based on lack of opportunity to exercise.

11

Wilson's contention that he was entitled to daily recreation time, the Oakland County Jail's policy states that deputies "offer recreation to all inmates in each housing area for at least one (1) hour, once per week; provided that security, housing and staffing constraints permit."  (ECF No. 15-2, PageID.51).  There is no caselaw to suggest that this policy is unconstitutional.

Overall, even after viewing the facts in the light most favorable to Wilson, the record evidence is insufficient to establish that Wilson suffered a violation of his constitutional rights.  This is particularly true because Wilson provides insufficient information regarding what amount of recreation time he did receive.  Because Wilson has failed to show a violation of his constitutional rights, it is not necessary to consider whether Sherriff Bouchard's actions were objectively unreasonable.  Thus, even if Wilson could establish Sheriff Bouchard's personal involvement, Wilson has not overcome the first hurdle necessary to defeat a claim of qualified immunity, *i.e.* that he suffered a violation of his constitutional rights.  Summary judgment is therefore also appropriate on this ground.

B.  Exhaustion

Sheriff Bouchard also argues that Wilson's claims should be dismissed under the Prison Litigation Reform Act (PLRA) because he failed to exhaust his administrative remedies.  The undersigned will address this argument for the sake of completeness even though it is recommended that summary judgment be

granted on the merits of Wilson's claim.

### 1. Standard

The PLRA requires prisoners to "properly" exhaust all "available" administrative remedies prior to filing a lawsuit challenging prison or jail conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (emphasis in original) (internal quotation marks and citations omitted). Requiring exhaustion allows prison and jail officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. at 218.

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). But a prisoner or pretrial detainee countering a motion alleging failure to exhaust "must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Sango v. Johnson*, No. 13-12808, 2014

WL 8186701, at *5 (E.D. Mich. Oct. 29, 2014), *report and recommendation adopted*, 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015). Granting summary judgment because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

### 2. Application

The Oakland County Sheriff's Office provides inmates with the opportunity to file grievances. A policy and procedure document dated August 29, 2017, states:

> Inmate grievances may be filed for alleged violations of civil rights or statutory laws, alleged violations of the Sheriff's Office policy, jail procedures, appeal a disciplinary process, jail staff conduct, medical, dental or mental health services and alleged unsafe or unsanitary living conditions. Grievances shall not be repetitive, excessive or frivolous in nature.

(ECF No. 15-4, PageID.75). This policy and procedure document was later rescinded and replaced by a document dated June 28, 2021. (ECF No. 15-5, PageID.79). The new document states:

> Inmate grievances may be filed for <u>alleged violations of civil rights or statutory laws, alleged violations of the Sheriff's Office policy, jail procedures, appeal a disciplinary process, jail staff conduct, medical, dental or mental health services and alleged unsafe or unsanitary living conditions</u>. Grievances shall not be repetitive, excessive or frivolous in nature.

(*Id.*) (underlining in original).

Here, Wilson failed to exhaust his administrative remedies. He admits that he did not file a grievance regarding recreation time but says this was because "defendant has a policy of not grieving issues that concern a large or all of the jail inmate population." (ECF No. 1, PageID.2) (capitalization modified). However, Sheriff Bouchard denied the existence of such a policy in his affidavit, (ECF No. 15-7, PageID.86), and Wilson has offered no evidence to the contrary. Indeed, as noted above, the Oakland County Sheriff's Office explicitly informs inmates that they can file grievances concerning alleged violations of their civil rights as well as alleged violations of jail procedures. Therefore, the evidence demonstrates that the Oakland County Sheriff's Office had a grievance process in place at the time of Wilson's incarceration and that Wilson failed to avail himself of that process by filing a grievance raising his concerns about out-of-cell recreation time and/or exercise time.[5] Accordingly, summary judgment could also be granted on this basis.

V.   Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Sheriff Bouchard's motion for summary judgment, (ECF No. 15), be GRANTED and the case be DISMISSED.

---

[5] Wilson cannot show that he was unaware of the grievance process because he in fact filed a grievance during his period of incarceration regarding a loss of commissary items. (ECF No. 15-6, PageID.81).

15

Dated: September 26, 2022      s/Kimberly G. Altman
Detroit, Michigan     KIMBERLY G. ALTMAN
    United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 27, 2022.

s/Carolyn Ciesla
CAROLYN CIESLA
Case Manager
